IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwaine Lamark Johnson, Jr., #343186, ) | C/A No.: 2:15-2340-SB-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Erin Bailey and Ronald Hazzard, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Dwaine Lamark Johnson, Jr. ("Plaintiff") proceeding pro se and in forma pauperis, is an inmate incarcerated at Lee Correctional Institution. Plaintiff filed this action against public defender Ronald Hazzard ("Hazzard") and senior solicitor Erin Bailey ("Bailey") (collectively "Defendants"), alleging violations of 42 U.S.C. §§ 1983 and 1985. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff filed this complaint asserting claims for perjury and legal malpractice. [ECF No. 1 at 2]. Plaintiff alleges that on April 15, 2014, he appeared for trial and entered a guilty plea to armed robbery and attempted murder charges. *Id.* at 3. Plaintiff states that during his sentencing the presiding judge asked solicitor Bailey about the evidence in Plaintiff's case. *Id.* Plaintiff claims that Bailey stated that she had the alleged

gun used during the armed robbery and attempted murder cases. *Id.* Plaintiff states that Bailey lied about having the gun and that he believes that his public defender Hazzard and Bailey conspired to present facts that the identified gun was the one allegedly used in Plaintiff's crimes. *Id.* Plaintiff argues that Hazzard failed to object to Bailey's falsehoods and contends that Bailey's untruthful statements defamed his character. *Id.* Plaintiff seeks monetary damages. *Id.* at 4.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true.

*Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Plaintiff's complaint asserts claims pursuant to 42 U.S.C. §§ 1983 and 1985. Section 1983 applies only where there is someone alleged to have taken wrongful action while acting under the authority of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971).

1.   42 U.S.C. § 1983

a)   No state action

Plaintiff alleges that Hazzard failed to render effective legal representation in his criminal proceedings. [ECF No. 1 at 3]. An attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn.8–9, 12–14 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn.2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). As the

3

performance of traditional legal functions does not constitute state action, Plaintiff's § 1983 claims against Hazzard should to summarily dismissed.

### b) Prosecutorial immunity

Plaintiff sues Bailey for actions associated with the prosecution of Plaintiff's criminal charges. [ECF No. 1 at 3]. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Because such claims are barred under § 1983 by prosecutorial immunity, these claims should be summarily dismissed from this case.

### 2. 42 U.S.C. § 1985

Plaintiff provides no concrete facts in support of his § 1985 claim to demonstrate that Defendants came to a mutual understanding or acted jointly in concert to deprive Plaintiff of any constitutional right, or that Defendants acted with a discriminatory motive. *See Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985). Accordingly, Plaintiff's claims under § 1985 should be summarily dismissed.

Because the federal claims in this case are recommended for summary dismissal, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in the complaint. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

III.	Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

June 22, 2015  
Charleston, South Carolina

MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).