IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

USDC, CLERK RECEIVED
CHARLESTON, SC

2015 OCT -8  A 8: 41

Dwaine Lamark Johnson, Jr., #343186, )
)
           Plaintiff, )
)  Civil Action No. 2:15-2340-SB
v. )
)  **ORDER**
Erin Bailey and Ronald Hazzard, )
)
           Defendants. )
_____)

This matter is before the Court upon the Plaintiff's pro se complaint filed pursuant to 42 U.S.C. §§ 1983 and 1985. In his complaint, the Plaintiff, who is incarcerated at Lee Correctional Institution, asserts claims for perjury and legal malpractice against senior solicitor Erin Bailey and public defender Ronald Hazzard.

In accordance with Local Civil Rule 73.2(B)(2)(d) for the District of South Carolina and 28 U.S.C. § 636(b)(1)(A), the matter was referred to a United States Magistrate Judge for preliminary determinations. On June 22, 2015, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("R&R") outlining the issues and recommending that the Court dismiss this case without prejudice and without issuance and service of process. In summary, the Magistrate Judge determined that the Plaintiff failed to state a claim under section 1983 because Defendant Hazzard, who served as the Plaintiff's attorney, did not act under color of state law, and because Defendant Bailey, the prosecutor, is entitled to absolute immunity for activities in connection with the judicial proceedings. The Magistrate Judge also determined that the complaint failed to state a claim under section 1985 because the Plaintiff alleged no facts to show that the Defendants acted jointly to deprive him of a constitutional right.

The Plaintiff filed objections to the R&R and an "amended complaint." In his objections, the Plaintiff simply rehashes his claims and asserts that Defendant Hazzard was acting under color of state law and that Defendant Bailey committed perjury and presented false testimony. In his amended complaint, the Plaintiff asserts additional claims and contends that the Defendants took advantage of his mental incompetence and violated his rights to due process and equal protection.

This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis of those objections. Id.

After review of the entire record, the R&R, and the Plaintiff's objections, the Court finds that the Magistrate Judge correctly summarized the facts and applied the appropriate legal standards, and the Court finds that the Plaintiff's objections are without merit. First, to state a claim pursuant to section 1983, a plaintiff must allege (1) the violation of a constitutional right (2) by a person acting under color of state law. As the Magistrate Judge noted, an attorney–whether retained, court-appointed, or a public defender–does not act under color of state law and is therefore not amenable to suit pursuant to 42 U.S.C. § 1983. See Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In addition, the Plaintiff is suing Defendant Bailey for actions associated with the prosecution of his case; here again, as the Magistrate Judge noted, prosecutors enjoy absolute immunity from damage liability for the initiation and prosecution of a criminal case. Imbler v. Pachtman, 424 U.S. 409, 423-24 (1976). Next, with respect to the Plaintiff's section 1985 claim, the Court

agrees with the Magistrate Judge that the Plaintiff has failed to plead specific facts in a nonconclusory fashion to show an agreement (or a meeting of the minds) between the Defendants to violate the Plaintiff's constitutional rights based on some invidiously discriminatory animus. Finally, in finding that the Plaintiff's federal claims are subject to summary dismissal, the Court declines to exercise supplemental jurisdiction over any state law claims raised by the Plaintiff. Accordingly, based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 10) is adopted and incorporated; the Plaintiff's objections (Entry 12) are overruled; and the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

October  8 , 2015
Charleston, South Carolina

